NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3361

JERRY W. WILLIAMS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: May 25, 2006

_____

Before NEWMAN, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.


Jerry W. Williams petitions for review of the decision of the Merit Systems Protection Board, Docket No. DA0752040256-I-1, dismissing his appeal as untimely filed.[1] We <u>reverse</u> the decision of the Board and <u>remand</u> for further proceedings.

---

[1]    <u>Williams v. Merit Sys. Prot. Bd.</u>, No. DA0752040256-I-1 (July 28, 2005).

BACKGROUND

On January 8, 2001 a jury found Mr. Williams guilty on fourteen counts of making false statements to the government in violation of 18 U.S.C. §1001. Mr. Williams was found to have falsely stated on official travel voucher forms that he had paid for overnight lodging and had stayed in overnight lodging accommodations. He was sentenced to six months in federal prison and assessed $3668.08 in fines and restitution. On April 23, 2001, the United States Department of Housing and Urban Development ("the agency") proposed to remove Mr. Williams from his position of Community Planning and Development Specialist, GS-0301-13, based on the conviction. Mr. Williams began serving his sentence on September 28, 2001. On October 5, 2001 the agency issued a decision letter informing him of the agency's decision to remove him from service, effective on October 12, 2001, and sent a copy of the decision letter by certified mail to his last known address. The letter was returned as unclaimed. On November 6, 2001 the agency mailed a copy of the decision letter to the federal correctional institution in Texas where Mr. Williams was incarcerated; however, this letter was returned unopened.

Mr. Williams was released from federal prison on January 10, 2002. Although the record provided us does not include details, some time after February 7, 2002 Mr. Williams was incarcerated in a Texas state prison. He was released by Texas authorities on July 25, 2003. On January 21, 2004 he filed an appeal to the Board, challenging his October 12, 2001 removal from employment. On February 2, 2004 the administrative judge issued an order requiring Mr. Williams to file evidence and argument to show either that the appeal was timely filed or that good cause existed for the delay. Mr. Williams responded that he had not received "adequate, sufficient or reasonably acceptable notice" concerning appeal

05-3361                                          2

of the removal decision. On May 13, 2004 the administrative judge dismissed Mr. Williams' appeal as untimely filed; the Board affirmed on July 28, 2005, without comment on Mr. William's arguments. This appeal followed.

DISCUSSION

The Board's regulations require that an appeal be filed within thirty days of the effective date of the action being appealed or within thirty days after the agency's decision is received, whichever is later. 5 C.F.R. §1201.22(b). The petitioner is given the opportunity to explain an untimely filing. §1201.22(c). In determining whether there was good reason for the delay, the Board considers factors, including the length of the delay, the circumstances that caused or led to the delay, whether the petitioner was notified of the time limit or was otherwise aware of it, and whether the petitioner acted reasonably and with appropriate diligence. Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). The Board's decision to reject an appeal as untimely filed is subject to this court's review to determine whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c); see Stout v. Merit Sys. Prot. Bd., 389 F.3d 1233, 1237 (Fed. Cir. 2004) (reviewing Board's timeliness decision in accordance with the criteria of §7703(c)).

Before the Board, Mr. Williams denied receiving the decision in October and November of 2001, but acknowledged that on December 8, 2003 he received a facsimile copy of the removal notice sent by the agency upon his inquiry. He filed a notice of appeal on January 21, 2004. The Board did not dispute that Mr. Williams had not received the initial mailings, but found that Mr. Williams had received notice of the decision at least by

November 25, 2003, for on that date he wrote to the agency, stating: "Thank you for the facsimile copy of the Agency Decision on Proposed Removal of Appellant/ Employee, dated October 5, 2001." Thus, the Board found that he had received a copy of the removal decision letter at least by November 25, 2003 and was aware of his removal more than 57 days before he filed his appeal. Mr. Williams argued that his untimely filing should be accepted because the removal decision letter was ambiguous as to the time for filing an appeal, the length of the delay was not considerable, the agency would not be prejudiced by allowing the appeal to proceed, and because he was proceeding *pro se.* The Board rejected these arguments, as follows:

> A review of [Mr. Williams'] submissions reflect that he has knowledge of, and experience with, the Board's procedures; the decision letter clearly set out his appeal rights and informed him of the address for filing an appeal to the Board; he had previously filed a timely appeal from the agency's action which indefinitely suspended him; and he failed to offer any explanation or excuse for his delay in timely filing his appeal after actual receipt of the agency removal decision . . . .

Williams, No. DA0752040256-I-1, op. at 5.

On appeal to this court, Mr. Williams argues that the decision letter was inadequate and confusing because it did not explain that the time for filing would begin to run from the date of his letter of November 25, 2003, the date used by the administrative judge to calculate the delay in filing. Mr. Williams relies on Shiflett v. United States Postal Service, 839 F.2d 669 (Fed. Cir. 1998) and Walls v. Merit Systems Protection Board, 29 F.3d 1578 (Fed. Cir. 1994), wherein the Federal Circuit held that inadequate or confusing notice may establish good cause for an untimely filing. In Shiftlett the appellant was not provided any notice of appeal rights, rendering the notice inadequate. 839 F.2d at 674. In Walls the notice was held inadequate because of an ambiguity as to whether "days" meant working

days or calendar days. 29 F.3d at 1583. In the present case, the agency's decision letter stated that the appeal

> must be filed during the period beginning with the day after the effective date of the action, but no later than thirty (30) calendar days after the effective date of this decision to be considered timely filed.

The letter was materially flawed, for MSPB regulations provide that an appeal may be filed within thirty days after receipt of the agency decision, see 5 C.F.R. §1201.22(b), and require that the notice letter contain this information, see 5 C.F.R. §1201.21(a). It is undisputed that the agency's letter did not contain this information. The MSPB states that this error was harmless because the filing was seriously tardy, for even if Mr. Williams is deemed not to have received the notice until November 25, 2003, his filing on January 21, 2004 was well more than 30 days after November 25. The MSPB suggests that Mr. Williams should have known that time was running because he had "previously filed a timely appeal" from the agency's suspension, op. at 5, supra.

Mr. Williams states that he believed the statutory time for appeal had expired about two years before the time of his November 25, 2003 letter to the agency, because that is what the decision letter explicitly stated. He states that on November 25, 2003 he requested that the agency "reissue" its decision, writing that "Such good faith action . . . would afford me a fresh and timely opportunity to appeal the 'Removal' issue through normal appellate procedural channels, as outlined in the Agency Decision on Proposed Removal, which was received via facsimile from you." He states that it was an unsupported and arbitrary action for the Board to hold that his letter acknowledging the fax copy of the decision letter would be held to measure the time for appeal, although neither the decision

05-3361                                    5

letter, nor any other notice, told him of the "receipt" deadline or purported to reissue the decision or otherwise respond to his request.

It was not unreasonable for Mr. Williams to believe that some action would be required to allow him to file an appeal from the 2001 decision, for that decision letter plainly (albeit incorrectly) stated that any appeal must be filed within thirty days after the effective date of the decision, a date that had expired nearly two years earlier. We have been directed to no basis on which he can be charged with reasonably understanding that the faxed copy of the agency decision started the clock for appeal. On the face of the decision letter, it reasonably required some response to his inquiry or some accommodation before an appeal could be filed despite the appeal term specified in the decision letter.

It is established that in MSPB proceedings the "government must unambiguously and clearly give notice of that which it requires of a litigant." Waldau v. Merit Sys. Prot. Bd., 19 F.3d 1395, 1403 (Fed. Cir. 1994). The agency is required, *inter alia*, to give notice of the time limits for appeal to the Board:

> 5 C.F.R. §1201.21 Notice of appeal rights.
>
> When an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with the following:
>
> (a) Notice of the time limits for appealing to the Board, the requirements of §1201.22(c), and the address of the appropriate Board office for filing the appeal;
>
> (b) A copy, or access to a copy, of the Board's regulations;
>
> (c) A copy of the appeal form in Appendix I of this part . . . .

It was undisputed that the agency did not provide Mr. Williams with correct notice of the time for appealing to the Board. Although the MSPB argues that Mr. Williams is a lawyer, this does not fill the serious gaps in the agency's compliance with the notice requirements.

The Board now suggests that notwithstanding the agency's errors, we should uphold the ruling of untimeliness on the alternative ground that Mr. Williams appears to have intentionally avoided receipt of the removal decision when it was sent to the correctional facility where Mr. Williams was incarcerated. The Board argues, apparently for the first time in the record of this case, that Mr. Williams had earlier avoided receiving personal service of the notice of proposed removal before beginning his prison sentence. The Board argues that this earlier refusal suggests a "strong possibility" that Mr. Williams similarly avoided receiving the removal decision later sent to the correctional facility on November 6, 2001, and that he should be charged with receipt of the letter of decision at the prison and with tardy filing of the appeal based on the date of that letter. Mr. Williams responds that he chose not to accept the letter of proposed removal on May 3, 2001 because it was "defective" and "missing documentation and forms," and in all events was not a notice of appeal rights because the adverse decision had not yet been made by the agency. These events were not discussed by the Board, and cannot be viewed as support for the Board's decision. See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 50 (1983) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.")

We conclude that the Board, in ratifying the agency's failure to discharge its statutory and regulatory notice obligations, acted contrary to law. Applying the principle set forth in Shiftlett, 839 F.2d at 674, the absence from the decision letter of an adequate statement of

the time limits measuring the appeal from the date of receipt of the decision establishes "good reason" for the delay in filing.

On the record provided, the Board's dismissal of the appeal as untimely was contrary to law, and is reversed.  The case is remanded for further proceedings.